IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No.7:10-CV-250-BO

| | |
|---|---|
| TIMOTHY HINES,<br>     Plaintiff,<br><br>v.<br><br>CORRECT CARE SOLUTIONS, LLC;<br>BRANDI BURNETTE; JAMES PENCE;<br>EDWARD J. MCMAHON, individually<br>and in his official capacity as sheriff of New<br>Hanover County, North Carolina; MARTY<br>ADAMS, individually and in his official<br>capacity as Captain and Detention Division<br>Commander, New Hanover County<br>Sheriff's Department; NEW HANOVER<br>COUNTY, NORTH CAROLINA;<br>     Defendants. | O R D E R |

This cause comes before the Court on two motions for summary judgment. Plaintiff has responded, and the matters are ripe for ruling. For the reasons discussed below, the motions for summary judgment are granted.

BACKGROUND

In 2003, Plaintiff received a kidney transplant and was prescribed medication to keep his body from rejecting the new organ (anti-rejection medication). On May 14, 2008, Plaintiff was arrested on federal drug charges and detained at the New Hanover County Detention Center pursuant to an intergovernmental services agreement between the Unites States Marshals Service and New Hanover County, North Carolina. This cause of action arises out of plaintiff's allegedly

delayed and sporadic receipt of his anti-rejection medications while in pre-trial detention. The Court has dismissed from the action the federal defendants as well as plaintiff's medical malpractice claim. Remaining against defendants Correct Care Solutions, LLC, Burnette, Pence, McMahon, Adams, and New Hanover County is plaintiff's 42 U.S.C. § 1983 claim that defendants violated his Fourteenth Amendment right to adequate medical treatment of his serious medical condition. Defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court considers each motion in turn.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. LibertyLobby, Inc.*, 477 U.S. 242, 252 (1986).

I. <u>New Hanover County defendants</u>

Plaintiff does not oppose the motion for summary judgment filed by defendants

2

McMahon, Adams, and New Hanover County [DE 92]. Accordingly, such motion is GRANTED.

II. Healthcare provider defendants

Defendants Correct Care, Burnette, and Pence provided health care to plaintiff at the New Hanover County Detention Center for approximately thirty-two days while plaintiff was in pre-trial detention and prior to his hospitalization on June 16, 2008. In order to succeed on his § 1983 claim against these defendants, plaintiff must show they violated his constitutional rights while acting under color of state law. *West v. Atkins*, 487, U.S. 42, 27 (1988). A physician under a contract with the state to provide medical care to inmates acts under color of state law for § 1983 purposes. *Id.* at 54.

"Pretrial detainees, like inmates under active sentence, are entitled to medical attention, and prison officials violate detainees' rights to due process when they are deliberately indifferent to serious medical needs." *Gordon v. Kidd*, 971 F.2d 1087, 1094 (4th Cir. 1992). A pre-trial detainee can show a Fourteenth Amendment Due Process violation if he can show that prison staff acted with deliberate indifference to serious medical needs. *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988); *Hill v. Nicodemus*, 979 F.2d 978, 991-92 (4th Cir. 1992); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

In order to establish that defendants acted with deliberate indifference, plaintiff must show that they knew of and disregarded a substantial risk of serious injury to him or that they actually knew of and ignored his serious need for medical care. *Young v. City of Mount Ranier*, 238 F.3d 567, 576 (4th Cir. 1999). Deliberate indifference requires more than a showing of mere negligence. *Id.* Defendants Correct Care, Burnette, and Pence concede that they had knowledge

3

of plaintiff's serious medical condition, so the Court considers only whether plaintiff has demonstrated that a genuine issue of material fact exists as to whether these defendants disregarded a substantial risk of injury or ignored plaintiff's serious need for medical care.

In support of their motion, defendants have offered evidence in the form of medical records and sworn affidavits to show that plaintiff's serious medical needs were neither ignored nor disregarded. Plaintiff arrived at the New Hanover County Detention Center without active prescriptions for two of his anti-rejection medications. Defendants endeavored to order and fill all three of his prescriptions, and plaintiff was provided with uninterrupted doses of each prescription within days of his arrival at the detention center.[1] Defendants have submitted evidence that plaintiff had failed to fill his anti-rejection prescriptions for substantial periods of time over the preceding year and that plaintiff arrived at the detention center already in stage III renal failure. Pence Aff. ¶¶8; 14. Furthermore, defendant's expert contends that a review of the records of medical treatment rendered to plaintiff while in detention reveals that defendants' medical care was in accordance with the applicable standards of care. Edmundson Aff. ¶5. Finally, the treatment notes in the record reveal that plaintiff received consistent treatment while in the detention center, that defendants communicated with plaintiff's nephrologist regarding his care, and that he was examined by defendants when he lodged health requests indicating blood in his urine and mouth. Pence Aff. ¶¶5-11; Hines Depo. 72-82.

Plaintiff has presented no evidence that would support a showing that these defendants

---

[1] Plaintiff arrived at the detention center on May 14, 2008, and had a routine medical screen. Plaintiff began receiving Prednisone on May 22, 2008, and began receiving Cellsept and Prograf on May 24, 2008. Pence Aff. ¶¶ 6-8; Burnette Aff. ¶4. Cellsept and Prograf must be ordered from a specialty pharmacy. Pence Aff. ¶8.

4

disregarded or ignored a substantial risk of injury or a serious need for medical care. At bottom, plaintiff's contention is that due to a delay in receiving his anti-rejection medication while detained, his transplanted kidney ultimately failed. Plaintiff has failed to demonstrate that a genuine issue of material fact remains, however, as he relies only on his own statements and conclusory allegations to contend that a jury must determine whether these defendants acted with deliberate indifference. In his response, plaintiff contends that he made more health service requests that are reflected in the record, that he had to contact his brother to pay for his medications in order to receive them, and that he was only seen "a couple of times" by a healthcare provider. Only plaintiff's testimony is offered in support of these contentions. Plaintiff also offers only his own statements to rebut defendants' expert's opinion that the care provided by defendants was not the proximate cause of plaintiff's damages; plaintiff does not offer a contrary expert opinion or further records indicating that plaintiff had in fact been compliant with his anti-rejection medications in the months or year preceding his arrest.

A party opposing summary judgment may not rely on conclusory statements, conjecture, or speculation, nor may it establish a genuine issue of material fact by building one inference upon another. *Kulak v. City of New York*, 88 F.3d 63, 71 (2nd Cir. 1996); *Nocolo v. Philip Morris, Inc.*, 201 F.3d 29, 33 (1st Cir. 2000); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Plaintiff's bare assertions regarding a delay in receiving his anti-rejection medications and the level of care provided by defendants, without more, is insufficient to create a genuine issue of material fact as to whether defendants disregarded a substantial risk of injury or ignored plaintiff's serious need for medical care.

In the absence of evidence upon which a jury could reasonably find that defendants acted

5

with deliberate indifference, the Court is constrained to enter summary judgment in favor of the moving defendants on plaintiff's § 1983 claim. Because summary judgment is appropriate for defendants on plaintiff's claim his constitutional rights have been violated, the Court need not consider defendant's qualified immunity defense or any remaining issue regarding exhaustion. *See e.g. Young v. City of Mount Ranier*, 238 F.3d 567, 574 (4th Cir. 2001) ("Only if a constitutional claim has been alleged should we proceed to the determination of whether qualified immunity shields the defendant from liability"). Furthermore, in light of the above, plaintiff is not entitled to damages in this matter, punitive or otherwise.

## CONCLUSION

For the foregoing reasons, defendants McMahon, Adams, and New Hanover County's motion for summary judgment [DE 86] is GRANTED and defendants Correct Care Solutions, LLC, Burnette, and Pence's motion for summary judgment [DE 84] is GRANTED. The clerk is DIRECTED to enter judgment accordingly.

SO ORDERED, this 3 day of March, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE